# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5450 | **DATE** | 8/14/2001 |
| **CASE TITLE** | JESSE SMITH vs. THOMAS PAGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 9/11/01 at 9:30 a.m. Petitioner's request for an evidentiary hearing on the Petition for Habeas Corpus is granted.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
01 AUG 15 AM 8: 31

JESSE SMITH,

Petitioner,

v.

THOMAS PAGE,

Respondent.

Case No. 98 C 5450

The Honorable John W. Darrah

DOCKETED
AUG 16 2001

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Jesse Smith's ("Smith" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Thomas Page, Warden of the Joliet Correctional Center. For the following reasons, Smith's Petition for a Writ of Habeas Corpus is taken under advisement. Petitioner Smith's request for an evidentiary hearing regarding his ineffectiveness of counsel claims is granted.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Smith was convicted of first-degree murder and three counts of attempted murder on August 31, 1992. Smith was sentenced to an extended term of eighty years of imprisonment for the first-degree murder conviction and concurrent terms of 30 years' imprisonment for the attempted murder convictions.

Smith then appealed his conviction and sentence to the Illinois Appellate Court, First District, arguing: (1) that he was not proven guilty beyond a reasonable doubt, and (2) that his sentence was excessive. On June 30, 1995, the Appellate Court affirmed Smith's conviction and sentence. *People*

*v. Barnes & Smith*, No. 91 CR 11754, (Ill.App.Ct., 1995). Smith then filed a petition for leave to appeal to the Illinois Supreme Court, raising the same issues. On October 4, 1995, the Illinois Supreme Court denied Smith's leave to appeal.

On January 8, 1996, Smith filed a *pro se* Petition for Post-Conviction Relief in the Circuit Court of Cook County. In this petition, Smith contended that his rights to due process of law, equal protection of the law, effective assistance of counsel, and a fair trial were violated when: (1) his trial counsel failed to present an alibi defense, (2) his trial counsel failed to file a motion to suppress, (3) the state knowingly presented perjured testimony, (4) Petitioner was coerced by his trial counsel not to testify, (5) the trial court "showed prejudice" when discussing Petitioner's right to testify, and (6) his counsel on appeal failed to present all relevant issues to the Appellate Court. The Circuit Court of Cook County denied this petition in a one-line order without an evidentiary hearing on March 28, 1996. (Resp. Ex. D). Smith's counsel for his first appeal then moved for leave to withdraw as counsel after concluding that Smith's petition was untimely and did not "set forth the gist of a constitutional claim." The Appellate Court granted counsel's Motion to Withdraw and affirmed the Order of the Circuit Court denying Smith's petition. *People v. Smith*, No. 1-96-1638 (Ill.App.Ct., 1996). Smith then filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied by the Illinois Supreme Court on October 1, 1997. In Smith's Petition for Leave to Appeal, he stated that he was "denied a full and fair opportunity to litigate his claims," arguing that his rights were violated when his appointed counsel failed to amend his *pro se* post-conviction petition. He further argued that his rights were violated when he was not allowed to spend as much time in the prison library as he wanted due to prison lock-down.

On August 28, 1998, Smith filed a *pro se* Petition for Writ of Habeas Corpus. This petition

asserted three grounds for relief: two claims of ineffectiveness of counsel and one Fourteenth Amendment claim for insufficient access to the prison library. In a minute order dated November 25, 1998, the previous judge assigned to this case found that Smith's Petition was timely. (Minute Order dated 11/25/98, Bucklo, J., Docket # [7]). On July 27, 1999, the previous judge ordered the State and Smith to file copies of Smith's second petition to the Illinois Supreme Court. (Minute Order dated 7/27/99, Bucklo, J., Docket # [17]). That order noted that district courts are precluded from considering claims that prisoners have not appealed to the Illinois Supreme Court. (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). On August 11, 1999, the previous judge held that Petitioner hadn't waived the claims of ineffective assistance of counsel and the existence of the alibi defense by failing to include them in his petition to the Illinois Supreme Court. This minute order stated:

> I have received a copy of petitioner's petition to the Illinois Supreme Court. It does raise the issue of adequacy of representation as well as the petitioner's alibi defense. Thus, petitioner has not waived the constitutional claims of ineffectiveness of counsel raised in his petition for habeas corpus. Accordingly, Federal Defender Program is appointed to represent the petitioner on these claims.

(Minute Order dated 8/11/99, Bucklo, J., Docket # [20]).

With the assistance of court-appointed counsel, Smith filed an Amended Petition for a Writ of Habeas Corpus on June 12, 2001. This amended petition made three claims: (I.) Petitioner's trial counsel was ineffective for failing to call an alibi witness and present an alibi defense, (II.) Petitioner's appellate counsel was ineffective for failing to raise his ineffectiveness of trial counsel claim on appeal, and (III.) the Circuit Court of Cook County erred when it denied Smith's Petition for Post-Conviction Relief without holding a hearing.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, an individual in custody may be granted habeas relief on a claim that was adjudicated on the merits by a court if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Piaskowski v. Bett*, No. 01 C 1159, 2001 WL 767026 at *2 (7th Cir. July 10, 2001). The Federal law at issue in this case is Petitioner's right to effective counsel, as stated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

However, "[a] federal court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Boyko v. Parke*, No. 99 C 3771, 2001 WL 863598 at *6 (7th Cir. July 27, 2001). *See* 28 U.S.C. Sec. 2254(b)(1)(A). To meet the requirement of exhaustion, the petitioner must fully and fairly present his federal claims to the state courts. *Rodriquez v. Scillia*, 913 F.3d 913, 916 (7th Cir. 1999). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.*

In determining whether a petitioner has exhausted his remedies, a federal court should "avoid hypertechnicality." *Verdin v. O'Learly*, 972 F.2d 1467, 1474 (7th Cir. 1992). A petitioner is allowed to reformulate his claims as long as they are not substantively altered. *See Picard v. Connor*, 404 U.S. 270, 277-78, 92 S.Ct. 509 (1971)("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support.... We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.")(citations and quotation marks omitted).

-4-

In his Amended Petition for a Writ of Habeas Corpus, Smith argues that: (1) his trial counsel was ineffective because she/he failed to present an alibi witness, (2) his appellate counsel was ineffective because he/she failed to raise the issue of trial counsel's ineffectiveness on appeal, and (3) the trial court erred by not granting Petitioner an evidentiary hearing before denying his post-conviction petition for ineffective assistance of counsel.

In his Supplemental Answer, Respondent argues that Petitioner has forfeited his ineffectiveness of counsel claims by failing to present them to the Appellate Court and Supreme Court of Illinois in his first appeal. (S.Answer 7). More specifically, Respondent argues that Petitioner's failure to present his habeas issues to the Appellate Court on his first direct appeal bars pursuit of these claims in Federal Court. However this argument is not persuasive. Petitioner's ineffectiveness of trial counsel claim is preserved by his post-trial petition attack on appellate counsel's ineffectiveness in failing to raise trial counsel's ineffectiveness. *See e.g.* Boyko v. Parke, No. 97 C 424, 2001 WL 863598, at *3 (7th Cir., July 27, 2001). Thus, any failure by Petitioner to raise the issue of ineffectiveness of trial counsel in his first appeal does not serve to bar the present Petition.

Respondent next argues that Petitioner's ineffectiveness of counsel claims are barred by his failure to present them to the Appellate Court in his appeal of the trial court's post-conviction petition. (S.Answer 7). Of course, the judge previously assigned to this case specifically found that Petitioner had not waived his ineffectiveness claims in his leave to appeal the denial of the post-conviction to the Supreme Court of Illinois. Absent from the record filed by Respondent is a copy of Petitioner's appeal of the trial court's denial of his post-conviction petition. However, it is clear from the record that Petitioner's ineffectiveness of counsel claims were preserved on appeal. The Appellate Court's order denying Petitioner's second appeal specifically refers to Petitioner's

-5-

"assertions of ineffectiveness of trial counsel." (Resp. Ex. G at 3). Furthermore, in his *pro se* "Motion in Objection" filed with the Illinois Appellate Court, Petitioner specifically raised the issue of his trial counsel's failure to present the alibi defense. (Resp. Ex. F at 3). Therefore, it is clear from the record that Petitioner did not forfeit his ineffectiveness of counsel claims by failing to present them to the Appellate Court in his second appeal.

Next, Respondent argues that Petitioner has forfeited his claim for an evidentiary hearing by not raising it in his appeals. This request does not constitute a separate basis for relief. Rather, it is taken as a procedural recommendation to assist in consideration of Petitioner's ineffectiveness of counsel claims. Since it does not constitute a separate basis for relief, it can't be barred.

Since Petitioner's claims of ineffective assistance of counsel are not procedurally barred, they must be considered on the merits. In his ineffectiveness of counsel claim, Petitioner alleges that his trial counsel failed to a call an alibi witness who would have testified as to Petitioner's whereabouts the night of the events underlying his conviction. Petitioner has provided an affidavit from this potential witness documenting her testimony and her willingness to testify at the time of trial.

To show that his counsel was ineffective, Smith must establish that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) a reasonable probability existed that, but for his lawyer's alleged errors, the outcome of his case would have been different. *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)). A failure to present an alibi witness at trial may constitute ineffective assistance of counsel. *Washington*, 219 F.3d at 629-31.

The trial court denied Smith's petition for a hearing on the merits of his claims in a one-line order without explaining the basis of its decision. (Resp. Ex. D). Standing alone, the affidavit Smith

has provided warrants further review. The affidavit alleges that Smith was somewhere else the night the crime was committed. The eye-witness upon whom the state based its case identified Smith based on an incident which took place at night, under duress, and which only lasted seconds. Before Smith's claim of ineffectiveness of counsel may be decided on its merits, the veracity of Smith's witness as well as trial counsel's basis for foregoing presentation of an alibi witness must be examined.

The law governing evidentiary hearings in habeas cases is well-established. A "district court need not grant an evidentiary hearing in all § 2255 cases." *Bruce v. Unites States*, No. 99-4337, 2001 WL 748161, at *3 (7th Cir. July 5, 2001). An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). "A district court, however, must grant an evidentiary hearing if the petitioner 'alleges facts that, if proven, would entitle him to relief.'" *Bruce*, 2001 WL 748161, at *3 (citation omitted).

The record in this case is not adequate to permit a just resolution of Petitioner's ineffectiveness of counsel claims. Petitioner's request for an evidentiary hearing is therefore granted.

## CONCLUSION

For the reasons stated herein, Petitioner's Request for an evidentiary hearing on the Petition for Habeas Corpus is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: August 14, 2001