# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5450 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Jessie Smith vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Petitioner, Jessie Smith's motion for reconsideration is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | **DEC 1 3 2002** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 12 PM 1:37 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
DEC 1 3 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>ex rel. JESSE SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KENNETH R. BRILEY, )<br>)<br>Respondent. )<br>) | Case No. 98 C 5450<br><br>The Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesse Smith ("Smith"), filed a Motion to Reconsider, arguing that this Court's ruling that his Petition for Writ of Habeas Corpus was untimely was wrong under the law of the case doctrine. For the reasons that follow, Smith's Motion to Reconsider is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal



arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

### BACKGROUND

Smith filed a petition for writ of habeas corpus against Kenneth R. Briley, Warden of Stateville Correctional Center in Joliet, Illinois, pursuant to 28 U.S.C. § 2254. After an evidentiary hearing, Respondent argued that Smith's petition should be dismissed because it was untimely and/or procedurally barred. In a Memorandum Opinion and Order dated August 28, 2002, the Court dismissed Smith's petition for writ of habeas corpus, finding that Smith's petition was untimely because Smith's post-conviction petition did not toll the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A).

Smith filed, within ten days, a Motion to Reconsider, arguing that (1) the Court's ruling that his habeas petition was untimely was incorrect under the "law of the case" doctrine as stated in *White v. Godinez*, 301 F.3d 796 (7th Cir. 2002) and (2) his habeas petition was timely filed where the Illinois Supreme Court denied his post-conviction petition on October 1, 1997.

### DISCUSSION

"[U]nder the law of the case doctrine, [courts] do not reopen issues decided in earlier stages of the same litigation unless [they] have a strong conviction that the earlier ruling was wrong and the party that benefitted from the earlier ruling would not be unduly harmed." *White*, 301 F.3d at

803.

A careful review of the materials submitted to the Court reveals that this argument was obliquely raised in Petitioner's reply in support of his petition for writ of habeas corpus. Although this issue was not explicitly discussed in the earlier Memorandum Opinion and Order dated August 28, 2002, the Court considered this issue at that time. "A district court is not required to specifically address [in its opinion] each and every [fact] asserted . . . ." *Shannon v. Saks & Co.*, No. 94 C 1793, 1995 U.S. Dist. Lexis 9324, at *6 (N.D. Ill. July 3, 1995). Petitioner's motion to reconsider merely restates arguments previously rejected by the Court and, therefore, is denied. *See Sikora*, 18 F. Supp. at 844.

## CONCLUSION

For the reasons stated herein, Jesse Smith's Motion to Reconsider is denied.

**IT IS SO ORDERED.**

Date: December 12, 2002

John W. Darrah, Judge
United States District Court