## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5450 | **DATE** | 2/27/2003 |
| **CASE TITLE** | JESSE SMITH vs. KENNETH R. BRILEY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Smith's motion for certificate of appealability is denied. Respondent's motion to strike certificate of appealability is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| LG | courtroom deputy's initials |

date docketed: MAR 3 2003

Document Number: 61

courtroom deputy's initials

03 FEB 28 PM 12:29
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JESSE SMITH, | )<br>) |
| Petitioner, | )  Case No. 98 C 5450<br>) |
| v. | )  The Honorable John W. Darrah<br>) |
| KENNETH R. BRILEY, | )<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesse Smith ("Smith"), seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Federal Rule of Appellate Procedure 22 provides that:

> [i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Fed.R.App.P. 22(b)(1). Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). A "substantial showing of the denial of a constitutional right" requires that the petitioner "demonstrat[es] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

-1-



(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Smith raised three grounds for relief in his Amended Petition for Writ of Habeas Corpus: (1) his Sixth Amendment right to counsel and a fair trial was violated due to ineffective assistance of trial counsel, (2) he was deprived of due process under the Sixth and Fourteenth Amendments due to ineffective assistance of appellate counsel, and (3) the trial court erred in dismissing Smith's post-conviction petition without holding an evidentiary hearing to determine the validity of the affidavit from an alibi witness.

On August 28, 2002, this Court dismissed Smith's amended petition as untimely under 28 U.S.C. § 2244(d)(1). Smith's Motion to Reconsider was denied on December 12, 2002.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484.

Jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. It is not debatable that Smith's post-conviction petition was untimely, not "properly filed" under *Artuz v. Bennett*, 531 U.S. 4 (2000), and, therefore, could not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2).

Section 2244(d)(1)(A) of Title 28 provides that state prisoners must file their habeas petitions one year from the date their criminal convictions became final. Section 2244(d)(2) provides that a

"properly filed" application for post-conviction review tolls the one-year limitations period. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8.

The trial court determined that Smith's post-conviction petition was (1) frivolous on the merits *and* (2) untimely under 725 Ill. Comp. Stat. § 5/122-1(a). The Illinois Appellate Court affirmed the trial court and found that (1) Smith's post-conviction petition was untimely under § 5/122-1(a) and (2) Smith's claims were barred by the doctrines of *res judicata* and waiver, refuted by the record or insufficient to require further proceedings. Because Smith's post-conviction petition did not "compl[y] with the applicable laws and rules governing filings" in Illinois, namely § 5/122-1(a), it was not "properly filed", *see Artuz*, 531 U.S. at 8; *Smith v. Walls*, 276 F.3d 340, 344 (7th Cir. 2002); and the one-year limitations period was not tolled. Smith's Petition for Writ of Habeas Corpus was not filed within a year of the Illinois Supreme Court's denial of his direct appeal as required by § 2244(d)(1)(A) and, therefore, was properly dismissed.[1] Thus, a reasonable jurist would not find it debatable whether the Court was correct in its procedural ruling. The Court, therefore, need not address the second issue of whether or not the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484 ("The recognition that the 'Court will not pass upon a

---

[1] Smith also argues that his post-conviction petition is timely filed because the state trial and appellate courts never dismissed the petition as untimely but rather gave two reasons for their decisions: (1) frivolousness or lack of merit and (2) untimeliness. However, "[t]he U.S. Supreme Court addressed the question of dual grounds in [*Carey v.*] *Saffold*[, - - U.S. - -, 122 S. Ct. 2134, 2141 (2002)], where it held that a clear ruling from the state court that a filing was untimely would 'be the end of the matter,' even if the court also addressed the merits of the claim or if 'its timeliness ruling was "entangled" with the merits.'" *Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002); *see also Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) ("both aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits"). Therefore, Smith's post-conviction petition was dismissed as untimely by the Illinois courts.

constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues.").

Based on the foregoing, Smith's Motion for Certificate of Appealability is denied.

Date: February 27, 2003

JOHN W. DARRAH
United States District Judge