UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE SMITH, | )<br>)<br>) |
| Plaintiff, | ) No: 98 C 5450 |
| v. | )<br>) |
| DEIRDRE BATTAGLIA, | ) Judge John W. Darrah |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesse Smith, seeks a certificate of appealability following the denial of his petition for a writ of *habeas corpus* by this Court on March 1, 2007.

## BACKGROUND

Jesse Smith was convicted of first-degree murder and three counts of attempted murder on August 31, 1992, following a bench trial in the Circuit Court of Cook County. Smith was sentenced to an extended term of eighty years of imprisonment for the first-degree-murder conviction and concurrent terms of thirty years' imprisonment for the attempted-murder convictions.

At the bench trial, Smith was represented by Lawrence Vance, who made an opening statement as follows:

> Judge, we believe the evidence will show, as the State has shown the facts and the circumstances were in fact unfortunate. Several people were shot, in fact one was in fact killed, Judge. But I don't believe the evidence will show Jessie Smith was involved in this at all.
>
> I believe the evidence will show that Mr. Smith was not one of the offenders who was out on the scene. I believe further evidence will show that he was in fact

> home on the evening and he was home on that evening with his commonlaw [sic] wife who is a witness in this case.
>
> We believe the evidence will show when the police arrested Jessie Smith the next day they first came to his wife and asked her where he was. She gave them a statement. She allowed them in the home and search warrant was not there [sic] and she gave them the statement. They later arrested Jessie Smith that day. He [gave] them a statement as to where he was, in spite of what the common law wife . . .

(Opening statement). The prosecution then objected, and the court overruled the objection. Vance then stated, "I'm sorry. We believe both accounts of where he was directly correspond with each other." (Opening statement). During the trial, Jerome Wilson, an eyewitness, identified Smith and one of his co-defendants as the shooters. Carol Brown (the "common-law wife") was never called to testify, although, during trial, Brown was available. Smith was convicted of first-degree murder and three counts of attempted murder.

At the conclusion of the bench trial, with the assistance of new counsel, Smith appealed his conviction and sentence to the Illinois Appellate Court, First District, arguing only: (1) that he was not proven guilty beyond a reasonable doubt and (2) that his sentence was excessive. On June 30, 1995, the Appellate Court affirmed Smith's conviction and sentence. *Barnes*, No. 91 CR 11754, slip op. at 1. Smith then filed a petition for leave to appeal the conviction and sentence to the Illinois Supreme Court, raising the same issues. On October 5, 1995, the Illinois Supreme Court denied Smith's petition for leave to appeal his conviction and sentence.

Smith then sought relief through the Illinois Post-Conviction Act, 725 ILCS 5/122-1 *et seq.* On January 12, 1996, Petitioner filed his *pro se* Petition for Post-Conviction Relief in the Circuit Court of Cook County. In it, Petitioner claimed that he had been denied his Sixth Amendment right to the effective assistance of both his trial and appellate counsel with regard to

his alibi defense. Petitioner further argued that his rights were violated when he was not allowed to spend as much time in the prison library as he wanted due to prison lockdown.

On March 28, 1996, the Circuit Court of Cook County, Criminal Division denied this petition without an evidentiary hearing. The court noted:

> The [c]ourt finds that nowhere [sic] in Defendant's allegation of ineffective assistance of trial counsel, this issue was not raised on the direct appeal and therefore should be barred. An examination of Defendant's petition as well as the opinion affirming his conviction is clear that [Petitioner's] claim of ineffective assistance of trial counsel involved matters which could have been raised on direct appeal. The doctrine of waiver therefore applies.

The court further noted that Smith failed to provide an affidavit from Brown; and "without any affidavit of Miss Brown, [Petitioner's] claim cannot be considered any further." With respect to the ineffective assistance of trial counsel, the court noted: "Petitioner also alleges that trial counsel's failure to call an alibi witness amounted to ineffective assistance of counsel. To support a claim . . . the Defendant must submit his affidavits from both individuals who would have testified. Absent such affidavits, the court cannot determine whether the witnesses could have provided any information or testimony favorable to the Defendant." With respect to Petitioner's claim that his appellate counsel was ineffective, the court noted, "Since this [c]ourt has found that the trial counsel's performance was not deficient in any way[,] the claim that appellate counsel failed to raise [issues on appeal] is without merit."

On March 29, 1996, Petitioner appealed the March 28, 1996 ruling. On May 29, 1996, on behalf of James Reddy (a Cook County Public Defender and Petitioner's post-conviction counsel), Cook County Public Defender Rita Fry moved to withdraw, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (there is no constitutional right to an attorney in state post-conviction proceedings).

The Appellate Court granted counsel's Motion to Withdraw and affirmed the order of the Circuit Court denying Smith's petition, stating, in relevant part:

> The scope of post-conviction review is limited by the doctrines of *res judicata* and waiver[,] which affect all claims actually presented in the direct appeal as well as those which could have been, but were not. Defendant's assertions of ineffective assistance of trial counsel and the trial court's prejudice are foreclosed under these principles, and defendant's remaining allegations were either refuted by the record or insufficient to require further proceedings under the Act. In addition, defendant's petition may be considered untimely under the amended statute, and the shortcomings of his post-petition appellate counsel do not present a basis for granting the relief sought."

*Illinois v. Smith*, 91 CR 1754, slip op. at 3 (Ill. App. Ct. Nov. 14, 1996).

On August 28, 1998, Smith filed a *pro se* Petition for Writ of *Habeas Corpus* in the United States District Court for the Northern District of Illinois. This petition asserted three grounds for relief: two claims of ineffectiveness of counsel and one Fourteenth Amendment claim for insufficient access to the prison library. In a minute order dated November 25, 1998, United States District Court Judge Bucklo ruled that Smith's petition was timely. On July 27, 1999, Judge Bucklo ordered the State and Smith to file copies of Smith's petition to the Illinois Supreme Court appealing the denial of post-conviction relief. That order noted that district courts are precluded from considering claims that prisoners have not appealed to the Illinois Supreme Court, citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). On August 11, 1999, Judge Bucklo held that Smith had not waived the claims of ineffective assistance of counsel and the existence of the alibi defense by failing to include them in his petition to the Illinois Supreme Court and appointed the Federal Defender Program to represent Smith on these claims.

The case was then reassigned to this Court by an order of the Executive Committee dated September 5, 2000. With the assistance of court-appointed counsel, Smith filed an Amended Petition for a Writ of *Habeas Corpus* on June 12, 2001. This amended petition made three claims: (1) Petitioner's trial counsel was ineffective for failing to call an alibi witness and present an alibi defense, (2) Petitioner's appellate counsel was ineffective for failing to raise the issue of ineffectiveness-of-trial-counsel claim on direct appeal, and (3) the Circuit Court of Cook County erred when it denied Smith's Petition for Post-Conviction Relief without holding a hearing. In a Memorandum Opinion and Order dated August 14, 2001, this Court granted Smith an evidentiary hearing regarding his ineffective-assistance-of-counsel claims. Respondent filed a renewed motion for reconsideration, raising the issues that the petition for writ of *habeas corpus* was untimely and/or procedurally barred. That motion was denied without prejudice with leave to assert those grounds at a later time.

An evidentiary hearing regarding Smith's ineffective-assistance-of-counsel claims was held on May 1, 2002. At the evidentiary hearing, the alleged alibi witness, Carol Brown, gave the following testimony: Brown discussed with Vance (Petitioner's trial counsel) that she would be called as a defense witness at trial. She also told Vance that Smith was with her on the night of the crimes. Brown was present at the trial, but Vance told her that she did not need to testify. If Brown had been called at trial, she stated that she would have testified that, at the time of the crimes, Petitioner was at home with her and her two children.

Current counsel for Smith intended to call Vance as a witness at the evidentiary hearing before this Court; however, Vance did not appear, despite having been subpoenaed. The parties stipulated that Vance would have testified only that: (1) he is an attorney at law, (2) he

represented Smith throughout the trial for the offense of murder and attempted murder, (3) Brown was not called to testify on behalf of Petitioner at trial, and (4) Vance does not remember why he did not call Brown as a witness. Therefore, the evidentiary hearing only established that Ms. Brown was available to testify favorably for Smith at trial but shed no light on the reason for Vance's decision not to call her. After the hearing, the state moved to dismiss Smith's petition as time-barred. The parties were directed to submit written briefs in support of and contesting the Petition for a Writ of *Habeas Corpus*. On August 28, 2002, the Court dismissed Smith's amended petition as untimely under 28 U.S.C. § 2244(d)(1). Petitioner's Motion to Reconsider was denied on December 12, 2002. The Court found that Smith's petition was not "properly filed" under *Artuz v. Bennett*, 531 U.S. 4 (2000), and, therefore, could not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2).

Petitioner appealed the August 28, 2002 ruling to the Seventh Circuit Court of Appeals. On July 13, 2005, the Seventh Circuit held that the petition was timely based upon the Illinois Appellate Court's inconclusive language concerning the question of the timeliness of petitioner's post-conviction petition. *Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005). The Seventh Circuit did not reach the Respondent's procedural default and merits arguments; instead, the court remanded the case to this Court for further proceedings. The Seventh Circuit noted that the Respondent argued that Smith faced another procedural bar with respect to his claim of ineffective assistance of counsel because the appellate court found that he waived that argument on appeal. However, the court stated: "It is possible, however, that Smith may be able to overcome this procedural default, because he has also consistently argued that his appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. If appellate

-6-

counsel was ineffective in this way, it may provide cause for Smith's failure to attack his trial counsel's performance on direct appeal." *Smith v. Battaglia,* 415 F.3d 649, 653 (7th Cir. 2005). However, the Seventh Circuit did not reach any conclusion, holding that this argument "will need to be explored further on appeal." *Smith v. Battaglia,* 415 F.3d 649, 653 (7th Cir. 2005).

Upon remand, and on March 1, 2007, this Court denied Petitioner's Petition for a Writ of *Habeas Corpus* in a Memorandum Opinion and Order entered on March 1, 2007. Petitioner intends to appeal this order.

## LEGAL STANDARD

Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ." Seventh Cir. Rule 22(b). Petitions for writs of *habeas corpus* may be dismissed on procedural grounds, or a court can reach the merits of the petitioner's claims. When the district court denies the *habeas* petition on procedural grounds, there must be a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . .

The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## ANALYSIS

Petitioner seeks a certificate of appealability with respect to two claims raised in his amended *habeas corpus* petition: (1) whether Petitioner's trial counsel was ineffective for failing to call an alibi witness and present an alibi defense and (2) whether Petitioner's appellate counsel was ineffective for failing to raise the issue of ineffectiveness-of-trial-counsel claim on direct appeal.

With regard to Petitioner's claims of ineffective assistance of trial and appellate counsel, reasonable jurists could find the assessment of the constitutional claims debatable. As noted in the Court's March 1, 2007 Memorandum Opinion and Order, Petitioner's trial counsel failed to appear at the evidentiary hearing before this Court. The Court was left only with the trial transcript and the testimony at the evidentiary hearing before this Court of the alleged alibi witness to determine whether counsel made a reasonable tactical decision not to call the alleged alibi witness or whether counsel's failure to call her to testify was the result of incompetence. If a reasonable jurist found Petitioner's trial counsel's performance constitutionally ineffective, reasonable jurists could also find the assessment of appellate counsel's failure to raise the issues of ineffective assistance of trial counsel on direct appeal debatable. Thus, on these two grounds, the Petitioner's certificate of appealability is granted.

## CONCLUSION

Based on the above, Petitioner's application for a certificate of appealability is granted as to whether Petitioner's trial counsel was ineffective for failing to call an alibi witness and present an alibi defense and whether Petitioner's appellate counsel was ineffective for failing to raise the issue of ineffectiveness-of-trial-counsel claim on direct appeal.

Date: 5-10-07

JOHN W. DARRAH
United States District Court Judge